PUGH, Appellant, v. WILSON, Respondent.

(180 N. W. 781.)

(File No. 4757. Opinion filed January 7, 1921. Rehearing denied March 25, 1921.)

1. **Sales—Auction Sale—Sale Notice Representing Mare Sound, Announcing Sale Settlement Required Before Property Removed —Mare Taken Home, Promise to Settle Next Day, Warranty Assumed Broken, Rescission, Buyer's Right Of—Statute.**

An auction sale notice of personalty represented a mare as sound, and announced that all property should be settled for before being removed. Held, that, assuming that the representation in sale notice constituted a warranty of soundness, that same was broken and that buyer's return of the mare to vendor was such as would be required as a condition to a proper rescission, yet, construing Sec. 957, Code 1919, providing that breach of warranty entitles buyer to rescind an agreement for sale, but not an executed sale, unless warranty was intended by parties to operate as a condition, the notice of sale did not make the warranty a condition of the sale, nor did the sale clerk, who permitted buyer to take the mare home, make it such.

2. **Same—Auction Purchaser Taking Mare Home, Would Settle Next Day, Whether Executory or Executed Sale—Evidence, Whether Sustaining Directed Verdict for Vendor.**

Held, further, that the sale was an executed sale; that whether a bargain between parties is a contract to sell or an actual sale depends on whether property in the goods is transferred, that if transferred the sale is executed, though price be not paid; therefore title to the mare passed to purchaser, if not upon acceptance of his bid, then when possession was given him and he removed her. Held, further, in absence of counterclaim, plaintiff's motion for directed verdict in the amount bid for the mare should have been sustained.

Appeal from Circuit Court McCook County. Hon. John T. Medin, Judge.

Action by Oscar Pugh, against Henry Wilson, to recover purchase price of a mare sold at auction. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*Wilson* and *McCay,* for Appellant.

*Skinner* and *Bartelt,* for Respondent.

(1) To point one of the opinion, Appellant cited: Mecham on Sales, Sec. 816; Storey on Sales, 4th Ed. 421.

(2) To point two, Appellant cited: 6 C. J. 835; Burt v. Kennedy, 3 Pennayp. (Pa.) 238; 35 Cyc. 274, 323; Secs. 959 Code 1919; Noah v. Pierce (Mich) 48 N. W. 277; Hull v. Caldwell 3 S. D. 451.

Respondent cited: Darymple v. Randall Gee & Mitchell, (Minn.) 174 N. W. 521; Secs. 925, 957, 956, Code 1919; Mettel v. Gales, (S. D.) 82 N. W. 183.

WHITING, J. Plaintiff held an auction sale of personal property, including one black mare. In the sale notices, in referring to this mare she was spoken of as sound. The sale notices also announced the terms of sale, among which was one requiring that all property should be settled for before being removed. Defendant attended the sale, and the mare above referred to was struck off to him. Having refused to pay the price which he bid, this action was brought to recover same. Judgment was for the defendant. From such judgment and from an order denying a new trial this appeal was taken.

Respondent does not deny his bid or that the mare was legally struck off to him, but he contends that the representation in the sale notices, to the effect that the mare was sound constituted a warranty; that, because of the fact that he had not settled for the mare, the contract which was created by his bid and its acceptance by the auctioneer was but an executory contract of sale; that the mare failed to comply with the warranty; and that the contract being executory, he had a right to and did rescind the same. The correctness of the judgment below depends upon whether respondent is right in the above contentions.

[1] After the mare was struck off to respondent, he requested the clerk of the sale to allow him to take the mare home, promising to settle for her the next day. Upon such request and promise, the clerk allowed him to take the mare. After he took the mare home he discovered, as he claims, that the mare was not sound. For the purposes of this opinion we will assume that the representation in the sale notices constituted a warranty; that the warranty was broken; and that respondent made such a return of the mare to appellant as would be required as a condition to a proper rescission.

Section 957, R. C. 1919, is as follows:

"The breach of a warranty entitles the buyer to rescind an agreement for sale, but not an executed sale, unless the warranty was intended by the parties to operate as a condition."

Respondent states, in his brief, that he asked permission to take the mare home so that he might ascertain whether she complied with the warranty. There was no evidence to sustain such statement. Respondent's own testimony was to the effect that he asked permission to take the mare home and that he promised the clerk that he would settle for the mare the next morning. The notices of sale did not make the warranty a condition of the sale and the clerk did not do so. If he had been allowed to take the mare home for the purpose of determining her soundness before settling for her, there would be something on which to base a claim that the warranty became a condition of the sale.

[2, 3] The sole question before us is whether what took place constituted an executed sale. It seems to us that this question is easily answered. As is said in Williston on Sales, § 2.

"Whether a bargain between parties is a contract to sell or an actual sale depends upon whether the property in the goods is transferred. If it is transferred there is a sale, an executed sale, even though the price be not paid."

That the title to this mare passed to respondent, if not upon the acceptance of his bid, yet certainly when the possession thereof was turned over to him and he removed her, is too clear to allow of dispute; he could have sold her and have given a perfect title, free from any claim of appellant; he could have insured her and collected the insurance if she had been killed. The sale was executed and, being executed, respondent's remedy was not to rescind the contract but to counterclaim for such damages, if any, as he suffered. No counterclaim was pleaded or proven upon the trial. At the close of all the evidence plaintiff moved for a directed verdict in the sum of the amount bid by defendant. Such motion should have been sustained.

The judgment and order appealed from are reversed.